INHABITANTS OF BROOKFIELD *vs.* AMASA WALKER & others.

If the owners of a water mill whose pond is raised by a causeway which they maintain by affirmative acts as their dam, but which forms part of a highway which the town is bound to keep in repair, render repairs to it as a highway needful by their negligence in maintaining it as a dam, they are liable to the town for the cost of such repairs.

TORT. The declaration alleged that the defendants owned a mill and dam on a stream in Brookfield, which dam was situated in whole or in part within the limits of a highway which the plaintiffs were bound to keep in repair, part of which highway consisted of a bridge under which the stream flowed from the dam; that the dam was built so near to the bridge, that, in order to prevent the water, in its descent, from undermining the abutments, the defendants, or those under whom they claimed title, built an aproning of planks, extending from the dam under the bridge, for the water to fall upon; that the defendants, " being allowed thus to maintain said dam in whole or part within the limits of said highway, were bound to keep the said dam and aproning in repair so as to prevent the waters of said dam so passing over the same from undermining the abutments;" but that they negligently permitted the dam and aproning to fall so into decay that the water of their pond which the dam raised undermined the abutments and carried away the bridge, to the injury of the plaintiffs, " who were bound to rebuild and repair said bridge, and have so built and repaired the same." The defendants demurred, on the ground that the declaration did not set forth a legal cause of action with substantial certainty, and did not set forth in what manner the obligation alleged to rest on the defendants to keep the dam and aproning in repair arose; and they answered also with a general denial of the allegations of the plaintiffs. The demurrer was overruled; but, at the trial, before *Rockwell*, J., the jury found for the defendants, and the plaintiffs alleged exceptions substantially as follows:

It appeared, and was not controverted, that the defendants owned, and, " at the time when the events mentioned in the declaration occurred," were working, a mill on Seven Mile River

in Brookfield, which river was crossed by a highway (which the plaintiffs were required by law to keep in repair) between the mill and the pond above it which supplied its motive power; " that the pond was owned by the defendants; that the highway aforesaid crossed said river by a bridge which formed a part of said way; that, before said mill was erected and before said pond of water was raised, an ancient highway, which the plaintiffs were required to keep in repair, crossed the valley of the river, and over the river, by a bridge nearly on a level with the natural surface of the ground on both sides of said river; that in the year 1825 one Stevens, who then owned the site of the defendants' mill, and from whom the defendants claimed title, constructed a causeway or dam across the valley and river and within the location of said ancient highway, and raised the bed of the road some fifteen feet, and built a new bridge, over the location of the old one, supported by stone abutments; that at the same time Stevens built a flume or bulkhead just above said new bridge on a line with the upper side of said causeway or dam; that by means of said causeway and flume said pond of water was raised; that the waste water of the pond fell over the flume or bulkhead a distance of some ten feet or more upon an aproning under the bridge, which was placed there by Stevens at the time he did the other things mentioned above; that the flume and aproning were both within the location of the ancient way; the aproning upon which the water fell being some seven feet above the grade of the ancient way, and the water then making a second fall below said limits to the natural bed of the stream; that after said causeway, bridge, flume and aproning were completed, the county commissioners, upon the petition of Stevens and others, relocated said ancient highway, as the plaintiffs contended at the trial, (the defendants contending that said location was of a new highway,) over and along said causeway and bridge, so that the causeway, bridge, flume and aproning were all within the location of the ancient highway, and within the limits of the existing highway, so that the said causeway served the double purpose of a dam for the defendants' pond and a highway; and that the defendants for a long time before

and at the time the damage set forth in the declaration occurred, and ever since, maintained said pond of water by means of said causeway and flume, and continued to use the water thereof for the purposes of their mill." " Upon these facts, the plaintiffs contended that the defendants were bound, so long as they continued to maintain said pond of water for their own use by means of the new causeway and flume, to keep said causeway, flume and aproning, so far as they were used as and for the purpose of a dam, in such good condition and repair that the water from the pond should not overflow said road, or undermine the same, or undermine or destroy said abutments and bridge, or in any manner destroy or injure said road, so far as they could prevent the same by the exercise of ordinary care in the maintenance of said pond by the means aforesaid; and the plaintiffs offered evidence to show that the defendants negligently, wrongfully and knowingly permitted said aproning and dam to become rotten, decayed and out of repair, so that the water of the pond passing over said flume and through said dam or causeway undermined and carried off the abutments, bridge, and a portion of the causeway; that the highway was thereby rendered unsafe and impassable to travel; that the plaintiffs requested the defendants to rebuild said bridge and repair said highway so destroyed and damaged, which the defendants refused to do; and that the plaintiffs were compelled to and did rebuild and repair the same at great expense. Upon the admitted facts, and the proofs offered, the judge ruled that the action could not be maintained, because, among other reasons, the highway had been relocated after the causeway was built as has been stated; and so ruled, notwithstanding that the plaintiffs stated that they did not contend that the defendants should have maintained and kept said road in repair, but only that they should, so far as ordinary care and prudence would enable them to do it, so maintain and manage the pond of water as not to wash away or destroy said bridge and road." The verdict for the defendants was given under this ruling; and the plaintiffs' exceptions were allowed.

*P. C. Bacon & P. E. Aldrich*, for the plaintiffs.

*G. F. Hoar,* for the defendants.

FOSTER, J. In this case the learned judge ruled, upon the admitted facts and the plaintiffs' offers of evidence, that the action could not be maintained. The statements are obscure and not entirely intelligible. One offer, however, was, to show that the defendants maintained the pond of water by means of the causeway and flume. This language may mean that by affirmative acts they maintained and assumed the charge of the causeway and flume. If so, they would be responsible for any damage caused by negligence in the care of it; and the relocation of the highway after the causeway was built would not exonerate them from the responsibility of due care so long as they maintained the structure, the decay and want of repair of which caused the mischief complained of.

Inasmuch as the defendants were not allowed to introduce their evidence, justice requires that their offer of proof should be regarded in a light favorable to them, and should receive any construction of which it is fairly susceptible, which they may claim to put upon it. For this reason, the

*Exceptions are sustained.*